RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/26/15
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

DARRYL E. ROBERTSON                    DOCKET NO. 15-CV-392; SEC. P

VERSUS                                  JUDGE DRELL

WARDEN                                  MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Darryl E. Robertson. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the BOP's computation of his sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Petitioner was charged with, and pled guilty to, possession of a firearm by a felon, in violation of 18 U.S.C. §922(g)(1). On May 31, 2000, he was sentenced to 212 months of imprisonment. [9:99-cr-30 E.D.Tex.] On September 29, 2000, Petitioner was sentenced by the State of Texas to a term of imprisonment of twenty-five years for a burglary conviction. His state sentence was completed on April 16, 2012, and he was transferred to federal custody to begin serving his federal sentence.

On February 26, 2013, Petitioner filed a motion to amend or correct sentence, claiming that his federal judgment from May 31,

2000, contained a "clerical error" or "omission" pursuant to Federal Rule of Criminal Procedure 36, in that it failed to state that the federal sentence was to run concurrent with his state sentence for burglary. He claimed that the sentencing judge intended for the federal sentence to run concurrent with the yet-to-be-imposed state sentence. [9:99-cr-30 E.D.Tex., Doc. #28] The district court, in denying the motion, noted that Petitioner was seeking to amend his sentence thirteen years after it was entered, when the court no longer had access to the sentencing transcript. It pointed out that Petitioner had the burden to show a discrepancy between the orally imposed sentence and the written judgment, and he had not met that burden. [9:99-cr-30 E.D.Tex., Doc. #33]

Petitioner requested a "nunc pro tunc" designation from the BOP, but his request was denied.

### *Law and Analysis*

Petitioner seeks credit against his federal sentence for time spent in custody of the State of Texas. He specifically alleges that his "federal sentence was imposed before his state sentence **and it was ordered to be served concurrently with his yet to be imposed state sentence.**" [Doc. #1, p.15] However, Petitioner has not offered any proof of this assertion. To the contrary, as outlined above, the sentencing court noted that the judgment did **not** state that the sentences should be concurrent. [9:99-cr-30 E.D.Tex., Doc. #33]

Petitioner also claims that the BOP "violated its duty by failing to contact Petitioner's federal sentencing court for its input...." [Doc. #1, p.15] Although the BOP did not contact the sentencing court, that court's position was made clear in its order denying Petitioner's Motion to Amend or Correct Judgment.

Title 18 U.S.C. §3584(a) provides that multiple terms of imprisonment imposed *at different times* run consecutively unless the court orders that the terms are to run concurrently. Likewise, the Fifth Circuit has held that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively **unless** the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003)(emphasis in original)(citing 18 U.S.C. §3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Aldridge v. Wendt, 149 Fed. Appx. 253 (5th Cir. 2005). In this case, the federal judgment *did not provide* that the federal sentence should run concurrent to a state sentence that had not yet been imposed.

Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

3

> (a) Commencement of sentence — A sentence to a term of imprisonment commences *on the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added).

The time in which Petitioner was in the custody of the state of Texas was credited toward Petitioner's state sentence. Section 3585 only allows credit for time **that has not been credited against another sentence.**

In summary, the federal judgment did not order the federal sentence to run concurrent to the yet-to-be-imposed state sentence, and Petitioner is not otherwise entitled to double credit under Sections 3584 or 3585.

## *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice, as Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

4

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of March, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE