UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| DARRYL EDWARD ROBERTSON | CIVIL ACTION NO. 1:15-CV-00392 |
| VERSUS | JUDGE TRIMBLE |
| T.G. WERLICH, WARDEN | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Procedural Background

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Darryl Edward Robertson ("Robertson"). Robertson is contesting the Federal Bureau of Prison's ("BOP's") decision to deny a *nunc pro tunc* designation[1] of a state prison for service of his federal sentence. Robertson wants the BOP to give him credit on his federal sentence for the time he served in state prison on his state sentence.

Robertson's petition was initially dismissed (Doc. 6), and he appealed (Doc. 7). On appeal, the Government filed a response and supplemented the record with documents including a letter dated August 28, 2008, from the BOP to the sentencing judge, asking U.S. District Judge Cobb whether he had intended to impose Robertson's sentence consecutively or concurrently with his not-yet-imposed state sentence (Doc. 6). The Fifth Circuit noted there was no proof that the letter was

---

[1] The Latin phrase *nunc pro tunc* describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect--a Latin term meaning literally, "now for then." An act *nunc pro tunc* is an "entry made now of something actually previously done to have effect of former date, [previously] omitted through inadvertence or mistake." Barden v. Keohane, 921 F.2d 476, 477 (3d Cir. 1990) (citing Black's Law Dictionary at 964 (5th ed. 1979)).

actually sent to the sentencing court, and further noted that Judge Cobb had died in 2005 and that nothing in the record indicated the letter had been received and/or acted on by any other judge in the Eastern District of Texas. See Robertson v. Werlich, 2016 WL 4191171, *2 (5th Cir. 2016).

In Robertson, 2016 WL 4191171 at *1, the Fifth Circuit made the following findings of fact:

> Both Robertson's federal and state convictions relevant to this appeal arose out of the same criminal episode. In 1999, Robertson was arrested for breaking into a home and stealing several firearms. Following his arrest, Robertson pled guilty in the United States District Court for the Eastern District of Texas to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) for the firearms he stole during the burglary. He was sentenced to 212 months' imprisonment and three years of supervised release for this conviction. After his federal sentence was imposed, Robertson was remanded to states custody. In state court, Robertson pled guilty to burglary of a habitation and was sentenced to 25 years' imprisonment. In 2012, Robertson was paroled and transferred to federal custody to begin serving his federal sentence.
>
> While serving his state sentence, Roberson requested a *nunc pro tunc* designation from the BOP, which would designate his state facility as the location of service for his federal sentence, effectively allowing his state and federal sentences to run concurrently. His request was denied on November 2008. [FN1] In 2012, Robertson again sought administrative relief from the BOP, which was also denied. In February 2013, Robertson filed a motion requesting that the district court "clerically amend or correct" the judgment in his case to indicate that his state and federal sentences should run concurrently. The court denied the motion, holding that Robertson had "not sustained his burden of proving the judgment contains a clerical error."
>
> [FN1] In August 2008, Robertson filed a motion for a *nunc pro tunc* order in the United States District Court for the Eastern District of Texas, requesting that the court order his state and federal sentences to run concurrently. It does not appear that any action was taken on this motion.

The Fifth Circuit remanded Robertson's habeas petition for an evaluation by this Court as to the relevance of the BOP's letter to Judge Cobb (Doc. 18).

## II.  Law and Analysis

The authority to grant or deny credit for time served or a *nunc pro tunc* designation is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the Bureau of Prisons. See U.S. v. Wilson, 503 U.S. 329 (1992) (the district court is not authorized to compute credit at sentencing; the Attorney General computes sentence credit); U.S. v. Jack, 566 Fed.Appx. 331, 332 (5th Cir. 2014); Jake v. Herschberger, 173 F.3d 1059, 1065-1066 (7th Cir. 1999); see also U.S. v. Custard, 230 F.3d 1360, 2000 WL 1290338 (6th Cir. 2000); Mikus v. Haro, 205 F.3d 1351 (9th Cir. 1999). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a Section 2241 petition. See Jack, 566 Fed.Appx. at 332; Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

The sentencing federal court retains the discretion to order the offender's term of imprisonment to run concurrently with, or consecutively to, an anticipated but yet-to-be-imposed state sentence. See United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000); see also Hunter v. Tamez, 622 F.3d 427, 431 n. 3 (5th Cir. 2010). When the federal judgment is silent regarding multiple sentences imposed at different times, the presumption is that the sentences will run consecutively. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). For sentences imposed at different times

to run concurrently, "[a] district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively." See Free, 333 F.3d at 553.

BOP Program Statement 5160.05[2] provides:

When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation. Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent. Ordinarily, this intent is made known in one of the following ways:

(1) Court Order….
(2) Court Recommendation of Non-Federal Confinement….
(3) Concurrent Service of Sentence After Imposition….
(4) Inmate Request [for *nunc pro tunc* designation]….
(5) State Request….

In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding service of the sentence in relationship to the yet to be imposed state term), the RISA [Regional Inmate Systems Administrator] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.[3] …

When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case. (Refer to Section 8.a. for more information.) The RISA will notify the inmate of the decision in writing and place a copy of this notification in the J&C file.

---

[2] See https://www.bop.gov/resources/policy_and_forms.jsp.

[3] According to a June 9, 2008 letter to Robertson from a Correctional Programs Specialist (Doc. 13-1), the South Central Regional Office no longer makes determinations concerning concurrent service of federal and state sentences.

In Robertson's case, no response was received by the BOP from the sentencing judge (who had died three years before), and no other judge responded to the BOP's request for information as to the sentencing judge's intent. Therefore, pursuant to the BOP procedures set forth above, the BOP made a determination based on the merits of Robertson's case, and decided that Robertson should not have a *nunc pro tunc* designation (Doc. 1, Exs.).

Therefore, to answer the question posed by the Fifth Circuit on remand, the letter sent by the BOP to District Judge Cobb in 2008 was relevant to indicate the BOP's intent to consider Robertson's request for a *nunc pro tunc* designation. However, the BOP was not required to obtain, nor did it require, a statement from Judge Cobb in order to determine that Robertson's case did not merit a *nunc pro tunc* designation.

As stated in the previous Report and Recommendation (Doc. 3), Robertson has not carried his burden of proving it was the intent of the federal sentencing judge to impose the federal sentence to run concurrently with the yet-to-be imposed state sentence. Although there is some indication that the federal sentencing judge may have been under a misapprehension as to whether that is possible, that point appears to be moot. Robertson was convicted in state court of armed robbery, and in federal court of having been a felon in possession of a firearm (during the armed robbery). Two separate, albeit related, crimes were punished. Robertson has not shown that that BOP abused its discretion in refusing to grant him a *nunc pro tunc* designation.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Robertson's § 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge